IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01491-PSF-PAC

RONALD JENNINGS FOGLE,

    Petitioner,

v.

WARDEN AL ESTEP; and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE
DATED MAY 11, 2006 AND JULY 10, 2006**

---

## I. INTRODUCTION

This habeas corpus application is before the Court on the Recommendation of the Magistrate Judge (Dkt. # 34), filed May 11, 2006, in which she recommended dismissal of petitioner's *pro se* application in its entirety as time-barred by the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge also recommended alternatively that the Court find that three of petitioner's claims were not cognizable on habeas corpus review, that his claim for ineffective assistance of counsel relating to inadequate pretrial investigation was procedurally defaulted by failing to timely raise that claim in the state trial and appellate courts, but that he had exhausted his remaining claims. The Magistrate Judge recommended, however, as to the remaining claims, that they be dismissed on their merits with prejudice.

By Order entered May 24, 2006, petitioner was granted an extension of time through June 30, 2006 within which to file his Objection to the Recommendation of the Magistrate Judge (Dkt. # 37) and by Order entered June 20, 2006 petitioner was granted a further extension through July 31, 2006 to file his Objection (Dkt. # 43). Rather than file an Objection, petitioner, on June 22, 2006, filed a Motion to Stay or Abey [sic] Proceedings (Dkt. # 44) until such time as he had exhausted his unexhausted claims in state court.  The Motion to Stay was referred to the Magistrate Judge.  On July 10, 2006, the Magistrate Judge issued a Recommendation that the Motion to Stay be denied (Dkt. # 48).

On July 18, 2006, petitioner filed his Objection to the Magistrate Judge's Recommendation on his Motion to Stay (Dkt. # 50), and on July 24, 2006 he filed his Objection to the Magistrate Judge's Recommendation that his application be dismissed (Dkt. # 51).  On August 8, 2006, petitioner filed a motion requesting appointment of counsel which was denied by the Magistrate Judge on August 10, 2006 (Dkt # 54). On August 11, 2006, petitioner filed a "Supplemental Objection" to the recommendation that his application be dismissed (Dkt. # 55).  The matter is now ripe for determination by this Court on both the recommendation to dismiss the habeas corpus application and the recommendation to deny the Motion to Stay.

## II.   RECOMMENDATION TO DISMISS APPLICATION

For the reasons set forth below, the Court accepts the recommendations of the Magistrate Judge and directs that this case be dismissed with prejudice.  The Magistrate Judge correctly described the five claims asserted by petitioner in his

habeas application, as well as the facts relating to petitioner's convictions in state court, his post-conviction motions and appeals of those convictions, and the state courts' disposition of those motions and appeals. As these matters are accurately set forth in the Recommendation of the Magistrate Judge they need not be repeated here at length. Rather, the Court will address only the specific conclusions of the Magistrate Judge as to each claim and as to which petitioner has raised an objection.

### A. Untimely Filing Under AEDPA

The Magistrate Judge found that petitioner had failed to meet the one-year limitation period contained in AEDPA when he filed his application in this case, the earliest date of which was calculated by the Magistrate Judge to be August 1, 2005. According to the Magistrate Judge, even giving petitioner the benefit of each argument he makes as to the running of time, his filing on August 1, 2005 was at least five days after the one-year period expired (Recommendation at 5-8). The Magistrate Judge also found that petitioner had not established, or even argued, that there is a basis to apply the doctrine of equitable tolling to extend the one-year limitations period (*id.* at 7-8). Accordingly, on this basis the Magistrate Judge recommends dismissal of all five of petitioner's claims.

In his Objection, petitioner appears to argue that the Magistrate Judge erred in finding that his initial postconviction motion was filed on May 11, 2001, after 154 days of time had expired. Petitioner appears to contend that he filed a postconviction motion earlier than May 11, 2001, which would have the effect of stopping the running of time, although he does not state the earlier date on which he claims to have filed the motion.

There is no evidence in the record supporting any earlier filing other than petitioner's unspecific and unsupported assertion, which claim the Court cannot accept as factually true without more.

Moreover, petitioner acknowledges that the alleged earlier filing was made by mail, and he argues that the "mailbox rule" provides the basis for application of an earlier date (Objection at 1-2). The Magistrate Judge's Recommendation addressed this argument of petitioner, finding first that there is no Colorado authority to support application of the "mailbox rule" to the filing of state postconviction motions (Recommendation at 6, n.7). The petitioner has cited to no authority contrary to the Magistrate Judge's finding. The Magistrate Judge also directly addressed petitioner's argument regarding application of the "mailbox rule" by noting that the state court record shows that the motion was in fact "hand-filed" on May 11, 2001 by petitioner's counsel, and was not mailed (*id.*). Thus, even if the "mailbox rule" did apply generally to state filed postconviction motions, it would not be applicable to stop the running of time with respect to petitioner's May 11, 2001 motion for postconviction relief under Rule 35(b), Colorado Rules of Criminal Procedure.

Petitioner also argues, apparently for the first time, that equitable tolling should be applied here to extend his time for filing his habeas application, arguing that "*State interference*" caused the limitations period to expire (Objection at 2, ¶ 6; italics in original). However, he provides no details to explain how the state may have interfered with his filings so as to cause the limitations period to expire.

He further appears to argue that the filing date of August 1, 2005, found by the Magistrate Judge to be the earliest date on petitioner's application could be deemed filed, is in error as he now claims he mailed his application from the Limon Correctional Facility on July 28, 2005. Again seeking application of the "mailbox rule" petitioner apparently asserts the filing date to be used should be July 28, 2005, rather than August 1, 2005 (Objection at 3).

The Magistrate Judge also addressed this argument in her Recommendation, finding that even if petitioner did deliver his application for mailing to prison authorities on July 28, 2005, he failed to comply with the procedural requirements that he so allege, and/or provide a notarized statement to that effect (Recommendation at 5, n.6). Having done neither, the Magistrate Judge rejected petitioner's argument.

Petitioner now belatedly tenders an affidavit attached to his Objection (Dkt. # 51, Exhibit 1) in which he states that he handed his application to prison officials on July 28, 2005 for mailing (Affidavit of Fogle at ¶ 4). Even if this untimely affidavit were to be accepted it would not change the result, for as the Magistrate Judge properly concluded, even if the application were deemed filed on July 28, 2005 it would still be beyond the one-year limitations period (Recommendation at 5-6, n.6).[1]

---

[1] According to the Magistrate Judge, 154 days elapsed from the date petitioner failed to take a direct appeal of his conviction until the earliest date he properly filed a postconviction motion on May 11, 2001 (Recommendation at 3-4). The Magistrate Judge found that the statutory period started running again on July 27, 2002 when the time expired for petitioner to properly file a petition for a writ of certiorari from the Colorado Court of Appeals decision on that postconviction motion (*id.* at 4) and continued to run until petitioner next properly filed a postconviction motion on March 10, 2003, another 225 days (*id.*). Thus a total of 379 days had elapsed, making any habeas petition filed thereafter untimely under the AEDPA.

Petitioner next argues that the limitations period under AEDPA has never begun to run because his state court conviction following his guilty pleas in August 2000 did not become final.  He argues that the state convictions did not become final because the state court did not make findings when it imposed restitution in one case, did not calculate the "cost of care," or properly calculate the amount of presentence confinement credit (Objection at 3-4).  Petitioner therefore claims his state sentences were "illegal" as not in full compliance with the state sentencing statute, and that the one-year period does not run in the case of an illegal sentence (*id.*).

This somewhat disingenuous argument, which was never raised by the petitioner before the Magistrate Judge, depends upon a number of legal assumptions which this Court is not prepared to make on this record.  First, petitioner must show that the failure to make findings on restitution, to calculate the "cost of care," or to properly calculate the amount of presentence confinement credit, renders his sentence "not final" as a matter of state law.  Second, petitioner would have to explain how his "nonfinal" sentence, which was the subject of post-conviction motions and at least two appeals of those motions in the state court, should be deemed not final for purposes of the AEDPA.  Petitioner cites to no statute or any authority for his first proposition that the failure to make findings on restitution render his conviction not final.  Thus this proposition is rejected by this Court.

Petitioner cites to C.R.S. § 16-11-501 (1998), a statute repealed in 2002, for the proposition that the failure to determine the "cost of care" rendered his conviction not final.  That statute, which formerly provided in pertinent part, that "the court shall give

6

judgment in favor of the state of Colorado, the appropriate prosecuting attorney, or the appropriate law enforcement agency and against the offender or juvenile for the amount of the costs of prosecution, the amount of the cost of care, and any fine imposed." C.R.S. § 16-11-501(1)(1998), also provided that where the defendant is sentenced to a term of imprisonment, as was the case with petitioner, "the court shall order such person to make such payments toward the cost of care as are appropriate under the circumstances." C.R.S. § 16-11-501(4)(1998). This Court does not read this now-repealed statute as mandating a finding of the cost of care in order for a sentence to be valid or for a conviction to be final.

Finally, the petitioner cites to C.R.S. § 16-11-306 (1998), now recodified at C.R.S. § 18-1.3-405, which provided that a defendant is entitled to credit for confinement served prior to sentencing and also provided that "[a]t the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus." Petitioner has provided no authority to the effect that the failure of the state court to correctly calculate the amount of credit renders the sentence not final, as opposed to merely subject to correction.

Indeed, in the one case which petitioner cites for the proposition that a sentence that is not in full compliance with the statute is an "illegal" sentence, *Delgado v. People*, 105 P.3d 634 (Colo. 2005), the court plainly distinguished between a sentence that is illegal, and a sentence that is subject to being corrected. The Colorado Supreme Court stated in *Delgado*: "Sentences become illegal in different ways, and depending on the

7

nature of the illegality, certain illegal sentences can be corrected through resentencing and imposition of a legal sentence while other illegal sentences require that the judgment of conviction be vacated." 105 P.3d at 637.  The alleged defects that petitioner asserts regarding his state convictions do not rise to the level of rendering his sentence illegal or requiring that it be vacated, but at most subject the conviction to being corrected, if necessary.

Furthermore, as the Court held in *Delgado*, the effect of even an "illegal" sentence may be to extend the time within which an appeal or post-conviction motion under Rule 35(b) may be filed.  105 P.3d at 638.  In the instant case, petitioner filed his postconviction motions and appeals thereof timely, so the legality of his sentence under that case is not pertinent here.  By so filing postconviction motions and appeals, petitioner obviously treated his conviction as final.

Finally, the pertinent AEDPA provision provides that one-year period runs from the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A).   Here, where petitioner took no direct appeal of his conviction by guilty pleas, but filed postconviction motions and at least two appeals therefrom, and where his petition for a writ of *certiorari* was denied by the passage of time on July 27, 2002 (*See* Recommendation at 4), and he filed subsequent postconviction motions in 2003, which became final when the Colorado Supreme Court denied *certiorari* review on July 25, 2005 (Recommendation at 5), this Court cannot find that the conviction did not become final by the conclusion of direct review.

Thus, petitioner's argument that his state convictions did not become final for lack of certain findings is rejected as a separate ground for tolling the one-year limitation period contained in the AEDPA.

### B.  Claims Not Cognizable On Habeas Corpus Review.

The Magistrate Judge also found that petitioner's third, fourth and fifth claims should be dismissed because they did not raise matters that are cognizable on federal habeas corpus review (Recommendation at 8-9).  Petitioner does not raise a specific objection to this conclusion.  Accordingly, and given that it contains correct statements of fact and law,  the Recommendation of the Magistrate Judge is accepted as to claims three, four and five, and those claims are dismissed for failure to raise matters that are cognizable on federal habeas corpus review.

### C.  Petitioner's Claim Two

Petitioner second claim seeks habeas relief on the grounds that he was denied his constitutional right to effective assistance of counsel.  The Magistrate Judge correctly describes petitioner's assertions that plea counsel was constitutionally ineffective, in violation of the Sixth Amendment, with respect to three different aspects of the representation: (1) when counsel admitted at the sentencing hearing that petitioner was on probation imposed by the State of Maryland at the time the crimes were committed; (2) when counsel coerced petitioner into pleading guilty; and (3) when counsel failed to conduct an adequate pretrial investigation (Recommendation at 2).

The Magistrate Judge found that petitioner failed to exhaust his contention of ineffective assistance of counsel regarding the failure to conduct an adequate pretrial

9

investigation because petitioner did not raise that issue in the state courts. As it is now too late to do so, she recommends this aspect of his second claim be dismissed (Recommendation at 11-12 ). Petitioner does not contend that the Magistrate Judge is wrong in this finding, but instead requests a stay of this matter to allow him to return to state court for purposes of exhausting this claim (*see* Motion to Stay at 4). That motion is addressed below.

The Magistrate Judge found that petitioner did exhaust the other two aspects of his Sixth Amendment claims and addressed them together with Claim One of petitioner's application (Recommendation at 12).

### D. Petitioner's Claim One

In his first claim petitioner asserts that the state trial unconstitutionally enhanced his sentence enhanced beyond the statutory presumptive range based on a fact that was not found by the jury beyond a reasonable doubt, in violation of his Fourteenth Amendment due process rights as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, he contends that the sentence was inconsistent with *Apprendi* because the fact used to enhance his sentence–that he was on probation for Maryland convictions at the time the Colorado crimes were committed–was not submitted and proven to a jury beyond a reasonable doubt.

As the Magistrate Judge correctly held, under *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum [other than the fact of a prior conviction] must be submitted to a jury, and proven beyond a reasonable doubt." 530 U.S. at 490 (Recommendation at 14). The Magistrate Judge set forth the process

by which petitioner's sentence in the Colorado courts was enhanced beyond the statutory presumptive range due to his being on probation under the Maryland convictions (Recommendation at 14-15).

Petitioner contended in his postconviction motions filed in the state court, and also now in his habeas application to this Court, that he was not on probation for crimes committed in Maryland at the time he committed the Colorado offenses; that he tried to challenge the statements in the presentence report at the sentencing hearing, but neither defense counsel, nor the trial court would allow him to speak; and, that he was not allowed to review the presentence report prior to the sentencing hearing. However, during the providency proceeding, petitioner's defense counsel advised the trial court that petitioner was on probation at the time he committed the crimes in Colorado. At sentencing, defense counsel argued, as a mitigating factor, that the Maryland courts had suspended petitioner's prison sentences and placed him on probation so that he could complete the Stout Street Foundation drug rehabilitation program because the Maryland courts recognized that petitioner had a severe problem for which he needed help. *See* Recommendation at 16.

As noted, petitioner raised both of his arguments under *Apprendi* in his state court postconviction proceedings, and in his appeals of those decisions. The Colorado Court of Appeals issued two separate decisions relating to petitioner's arguments. The Magistrate Judge's Recommendation discusses these decisions and their analysis in detail, that need not be repeated here. As the Magistrate Judge correctly summarized the law, under the AEDPA the only issue in a federal habeas petition based on such

a situation is whether the state court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2). The Magistrate Judge carefully analyzed the reasoning of the Courts of Appeals decisions that rejected petitioner's *Apprendi* claims (Recommendation at 18-19) and found that they were neither contrary to federal law nor an unreasonable determination of the facts presented (*Id.*).

The Magistrate Judge also found that petitioner did not come forward with any evidence to support his contention that he was not on probation for the Maryland convictions, and that he made no response to his counsel's statement regarding his being on probation (Recommendation at 19). Accordingly, the Magistrate Judge recommended that petitioner's *Apprendi* claims be dismissed on their merits (Recommendation at 20).

Petitioner's Objection to the Magistrate Judge's Recommendation makes no showing that the Magistrate Judge erred in her findings and conclusions that the Colorado courts had not made a ruling contrary to or involving an unreasonable application of clearly established Federal law. Rather, petitioner simply reargues the points he raised in the Colorado courts without even attempting to address the analyses made by the Colorado Court of Appeals or the Magistrate Judge's review of those decisions (Objection at 9-10). As this Court finds no error in the analysis of the

Magistrate Judge, the Recommendation with respect to petitioner's first claim is accepted and that claim is dismissed with prejudice.

### E.  Petitioner's Claim of Ineffective Assistance of Counsel

Petitioner claims that he was "coerced" into pleading guilty by his counsel because he was provided with erroneous advice as to the possible sentences he would face if he pled guilty and erroneous information as to his parole eligibility date. While acknowledging that an ineffective assistance of counsel claim may be premised on counsel's purportedly providing inaccurate legal advice that leads to a guilty plea, the Magistrate Judge here found that petitioner did not suffer any prejudice even if the court assumed that erroneous advice was provided. The Recommendation of the Magistrate Judge discusses in detail the advisements in open court petitioner received in connection with his guilty pleas that reflect he was well aware of, and acknowledged awareness of, the maximum sentences he faced (Recommendation at 22-23).

Similarly, the Magistrate Judge found that even if petitioner was given erroneous information as to his parole eligibility date on the Jefferson County charges to which he pled guilty in August 2000, he was not prejudiced because he had other convictions on Denver County charges that established a parole eligibility date of 2031. Accordingly, the Magistrate Judge found that applicant knew at the time of sentencing that he would not be eligible for parole on his Denver convictions for 31 years, regardless of what his parole eligibility might be for the Jefferson County convictions (Recommendation at 25-26).

Based on this analysis, the Magistrate Judge found that petitioner could not satisfy the second prong requirement of an ineffective assistance of counsel claim, namely that he show a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Recommendation at 21, 25-26.

In his Objection, petitioner does not respond to the findings of the Magistrate Judge that he was advised by the trial court of his potential sentences or that he pled guilty knowing of such sentences. Rather, he simply asserts that counsel provided him with inaccurate information (Objection at 13). While he correctly cites to cases holding that erroneous advice can be a basis for an ineffective assistance of counsel claim, he has not made any showing of prejudice arising from the purported erroneous advice, or in any way refuted the findings by the Magistrate Judge that he was aware of the sentences he faced. The Court accepts the Recommendation of the Magistrate Judge with respect to petitioner's claim of ineffective assistance of counsel as to the purported coerced guilty pleas contained in his second claim for relief, and dismisses such claim.

The Magistrate Judge also found that petitioner's claim of ineffective assistance of counsel arising from counsel's advising the trial court of petitioner's probationary status should be dismissed. Petitioner had raised this claim in his postconviction motions and the appeals of those motions and the Colorado Court of Appeals rejected the argument on the grounds that counsel's conduct was not objectively unreasonable under the first prong requirement of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The Magistrate Judge recommends dismissing this claim because petitioner has not shown that the Colorado Court of Appeals decision was contrary to, or an unreasonable application of, *Strickland*, nor has he shown that his counsel's decision to argue his probationary status as a mitigating factor to the sentencing court was not sound strategy under the circumstances, citing to *Strickland, supra*, at 689-90. Recommendation at 27.

In his Objection to this Court, the petitioner contends that his defense counsel made no showing to the Colorado Court of Appeals, by way of affidavit or otherwise, that his decision to disclose petitioner's probationary status was made for strategic purposes, rather than for the purpose of injuring petitioner or no purpose at all (Objection at 10). Petitioner's objection misses the point of *Strickland v. Washington.* The test of counsel's performance as set forth in that case is not based on a subjective review of what counsel did, but rather an objective view. What counsel did in the instant case was viewed by the Colorado Court of Appeals as "objectively" reasonable. Counsel has no obligation to set forth his personal intentions, nor would such intentions be relevant under the *Strickland* analysis. The Colorado Court of appeals does not engage in evidentiary hearings as petitioner suggests should have been done. Thus petitioner's statements regarding his conflict with counsel or the presence of bad relations is not pertinent to the analysis that must be applied to his claim here.

Accordingly, the Court accepts the Recommendation of the Magistrate Judge with respect to petitioner's claim of ineffective assistance of counsel based on

counsel's advising the trial court of petitioner's probationary status contained in his second claim for relief, and dismisses such claim.

## II. RECOMMENDATION TO DENY MOTION TO STAY

Petitioner's motion to stay proceeding in this matter, filed on June 22, 2006, seeks a stay to permit him to return to state court to exhaust his "unexhausted" claims (Dkt. # 44). Although petitioner's motion appears to reference more than one "unexhausted" claim by referring to the claims set forth at pages 6 and 6(b) of his application (*see* Motion at 3, ¶ 6), as noted above the Magistrate Judge found only one claim that petitioner had failed to exhaust, namely the claim of ineffective assistance of counsel relating to the asserted failure to conduct pretrial investigation.

The Magistrate Judge recommended that the motion to stay be denied for at least two reasons (Dkt. # 48). First, the time to file a postconviction motion in state court that raises this argument has passed, and staying this case to allow such an untimely motion will serve no purpose (*id.* at 2). But, the Magistrate Judge also concluded, even if the petitioner could overcome the "state procedural hurdles to filing another post conviction motion" his unexhausted claim is subject to dismissal on its merits (*id.*). The Magistrate Judge concluded that the alleged failure of counsel to conduct a pretrial investigation failed to satisfy either of the two prongs of the *Strickland* inquiry, in that counsel's conduct did not fall below the "objective standard of reasonableness" or that the conduct resulted in prejudice to the petitioner (Recommendation at 3).

In essence the Magistrate Judge found that the matters which petitioner asserts his counsel failed to investigate–whether he had a weapon or injured anybody in connection with the robberies to which he was pleading guilty–were legally irrelevant to the crimes with which defendant was charged (*id.*). Accordingly, the Magistrate Judge found that petitioner failed to make the showing required under *Strickland v. Washington* to establish a claim of ineffective assistance of counsel under such circumstances (*id.* at 4). Thus she recommends denial of the stay.

In his Objection to this Recommendation of the Magistrate Judge (Dkt. # 50), petitioner asserts a number of grounds for the granting of his right to habeas corpus relief, many of which relate to the dismissed claims set forth above and others of which apparently relate to new claims he may assert (*See* Dkt. # 50 at 1-6). None of those matters are relevant to the motion to stay.

To the extent petitioner's objection purports to address his unexhausted claim that defense counsel failed to conduct an investigation (*see* Dkt. # 50 at 7-8), it utterly fails to address the matter raised by the Magistrate Judge discussed above. Rather, the objection reargues matters relating to his sentencing and credits for presentence confinement–matters which are not part of his unexhausted claim.

There is no suggestion in *Rhines v. Weber*, 544 U.S. 269 (2005), the case on which petitioner relies, that a stay of a habeas proceeding should be granted for a petitioner to raise and exhaust altogether new claims in a state court, or to reassert claims that have already been disposed of. As the Supreme Court stated there:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

544 U.S. at 277.

Here, this Court does not find good cause to stay this case for petitioner to assert entirely new claims postconviction proceedings, nor does it find good cause to stay the case to permit petitioner to assert his unexhausted claim which is plainly meritless.

Accordingly, the Court accepts the Recommendation of the Magistrate Judge and denies petitioner's Motion to Stay proceedings.

**CONCLUSION**

Petitioner's Application for Writ of Habeas Corpus (Dkt. # 3) is DENIED and this case is dismissed in its entirety with prejudice;

Petitioner's Motion To Stay or Abey [sic] Proceedings (Dkt. # 44) is DENIED.

The Clerk of the Court is directed to close this case.

DATED: September 15, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge

18